KAREN P. HEWITT
United States Attorney
PAUL L. STARITA
Assistant U.S. Attorney
California State Bar No. 219573
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6507
Email: paul.starita@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR1268-WQH |
| Plaintiff, | ) Date:   July 21, 2008<br>) Time:   8:30 a.m. |
| v. | ) UNITED STATES' RESPONSE AND |
| MANUEL ALBERTO ALFERES, | ) OPPOSITION TO DEFENDANT'S MOTIONS<br>) TO: |
| Defendant. | ) (1)   COMPEL DISCOVERY;<br>) (2)   DISMISS INDICTMENT DUE TO<br>)         ALLEGED IMPROPER GRAND JURY<br>)         INSTRUCTION; AND<br>) (3)   GRANT LEAVE TO FILE FURTHER<br>)         MOTIONS<br>)<br>) TOGETHER WITH STATEMENT OF FACTS,<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and Paul L. Starita, Assistant U.S. Attorney, hereby files its Response and Opposition to the motions filed on behalf of defendant, MANUEL ALBERTO ALFERES ("Defendant"). This Response and Opposition is based upon the files and records of this case.

//

//

//

**I**

**STATEMENT OF THE CASE**

On April 23, 2008, a federal grand jury in the Southern District of California returned a one-count Superseding Indictment charging Defendant with attempted entry after deportation, in violation of Title 8, United States Code, Section 1326. Defendant was arraigned on the Indictment on April 24, 2008, and he entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

**A.    INSTANT OFFENSE**

On February 19, 2008, at approximately 5:10 p.m., a United States Border Patrol Remote Video Surveillance System (RVSS) operator observed Defendant climb the International Boundary Fence approximately one half mile west of the Calexico, California, West Port of Entry. The RVSS operator maintained his observation of Defendant as he ran north into the RTX Truck Lot and informed Border Patrol Agent (BPA) Huerta of Defendant's location. At approximately 5:20 p.m., BPA Huerta made contact with Defendant inside of the RTX Truck Lot, identified himself as a BPA, and questioned Defendant as to his citizenship. Defendant admitted to being a citizen and national of Mexico with no legal right to enter or remain in the United States. Defendant also admitted that he had illegally climbed the International Boundary Fence and illegally entered the United States from Mexico. Defendant was arrested and transported to the Calexico Border Patrol Station for processing.

At the Station, Defendant was advised of his administrative rights and his biographical data and fingerprints were entered into the Department of Homeland Security's database. This records search revealed that Defendant was previously removed from the United States to Mexico and that he had a criminal history.

**B.    POST-MIRANDA STATEMENT**

At approximately 9:40 p.m., Defendant was told that his administrative rights no longer applied and that he would be charged criminally. BPA Gutierrez advised Defendant of his Miranda rights in the Spanish language. Defendant stated that he understood his rights and was willing to answer questions with out the presence of an attorney. During the interview, Defendant admitted: he

is a citizen of Mexico; he did not have any immigration documents that would permit him to work or reside in the United States; he entered illegally; he had been deported; he never received permission to reenter the United States; and he intended to travel to Oxnard, California.

Additionally, Defendant was advised of his Consular Rights but declined to contact the Mexican Consulate.

## III

## POINTS AND AUTHORITIES

**A.    PRODUCTION OF DISCOVERY AND PRESERVATION OF EVIDENCE**

The United States has and will continue to fully comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure.  To date, the United States has produced 91 pages of discovery to Defendant's counsel, including investigative reports and Defendant's statements.

**1.    Defendant's Statements**

The United States will disclose to Defendant the substance of any relevant oral statement made by Defendant, before or after arrest, in response to interrogation by a person Defendant knew was a government agent if the United States intends to use the statement at trial.  The United States will also disclose and make available for inspection, copying or photographing the following: (1) any relevant written or recorded statement by the defendant if the statement is within the United States' possession, custody, or control, and the attorney for the United States  knows--or through due diligence could know--that the statement exists,[1] (2) that portion of any written record containing the substance of any relevant oral statement made before or after arrest if Defendant made the statement in response to interrogation by a person Defendant knew was a government agent, and (3) Defendant's recorded testimony before a grand jury relating to the charged offense, if any.

//

//

---

[1]    However, "the Government is not obligated by Rule 16(a) to anticipate every possible defense, assume what the defendant's trial testimony...will be, and then furnish the defendant with otherwise irrelevant material that might conflict with the defendant's testimony." United States v. Gonzalez-Rincon, 36 F.3d 859, 865 (9th Cir. 1994) (citation omitted).

**2.   Arrest Reports and Notes**

The United States has already produced to Defendant all reports and notes known to the United States relating to Defendant's arrest in this case and will continue to comply with its discovery obligations.

**3.   Brady Material**

The United States has complied and will continue to comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963).

**4.   Prior Record**

The United States has provided Defendant with a copy of Defendant's known prior criminal record under Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129, 130 (9th Cir. 1990). Should the United States determine that there are any additional documents pertaining to Defendant's prior criminal record, those will be promptly provided to Defendant.

**5.   404(b) Material**

The United States will disclose, in advance of trial, the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Federal Rule of Evidence 404(b).

**6.   Evidence Seized**

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

**7.   Preservation of Evidence**

The United States has no opposition to a preservation order.

**8.   Tangible Objects**

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of

1  Defendant's defense or is intended for use by the United States as evidence during its case-in-chief
2  at trial, or was obtained from or belongs to Defendant. The United States, however, need not produce
3  rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

### 9.   Witnesses

The United States will provide a list of witnesses in its trial memorandum, including law enforcement witnesses. The grand jury transcript of any person who will testify at trial will also be produced.

### 10.  Jencks Act Material

The United States will comply with its discovery obligations under the Jencks Act, Title 18, United States Code, Section 3500, and as incorporated in Rule 26.2.

### 11.  Giglio Material

The United States has complied and will continue to comply with its discovery obligations under Giglio v. United States, 405 U.S. 150 (1972).

### 12.  Reports of Examinations and Tests

The United States will provide Defendant with any scientific tests or examinations in accordance with Rule 16(a)(1)(F).

### 13.  Henthorn Material

The United States will comply with its obligations under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002) (citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992)). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

### 14.  Cooperating Witnesses

At this time, the United States is not aware of any confidential informants or cooperating witnesses involved in this case. The Government must generally disclose the identity of informants

1 where: (1) the informant is a material witness, and (2) the informant's testimony is crucial to the
2 defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957). If there is a confidential informant
3 involved in this case, the Court may, in some circumstances, be required to conduct an <u>in camera</u>
4 inspection to determine whether disclosure of the informant's identity is required under <u>Roviaro</u>. <u>See</u>
5 <u>United States v. Ramirez-Rangel</u>, 103 F.3d 1501, 1508 (9th Cir. 1997). If the United States
6 determines that there is a confidential informant or cooperating witness who is a material witness with
7 evidence helpful to the defense or essential to a fair determination in this case, the United States will
8 either disclose the identity of the informant or submit the informant's identity to the Court for an <u>in</u>
9 <u>camera</u> inspection.

**15.    Expert Witnesses**

The United States will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705.

**B.    THE GRAND JURY WAS PROPERLY INSTRUCTED**

The Honorable Barry Ted Moskowitz and the Honorable John A. Houston have issued detailed Orders analyzing and rejecting all of the arguments Defendant raises here. The United States adopts the reasoning in the Courts' previous orders and respectfully requests that this Court reach the same result.

**C.    GRANT LEAVE TO FILE FURTHER MOTIONS**

The United States does not oppose Defendant's request to file further motions if they are based on new discovery or other information not available to Defendant at the time of this motion hearing.

//
//
//
//
//
//

**VI**

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's Motions.

Dated: July 14, 2008.

                                              Respectfully Submitted,

                                              KAREN P. HEWITT
                                              United States Attorney

                                              /S/ *Paul L. Starita*
                                              PAUL L. STARITA
                                              Assistant United States Attorney
                                              Attorneys for Plaintiff
                                              United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL ALBERTO ALFERES,<br><br>Defendant. | Criminal Case No. 08CR1268-WQH<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, Paul L. Starita, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:**

**(1) COMPEL DISCOVERY;**
**(2) DISMISS INDICTMENT DUE TO ALLEGED IMPROPER GRAND JURY INSTRUCTION; AND**
**(3) GRANT LEAVE TO FILE FURTHER MOTIONS**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**1.    Elizabeth Barros, Federal Defenders of San Diego, Inc.**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

1.    **None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 14, 2008.

/S/ *Paul L. Starita*
PAUL L. STARITA